OCEAN CITY HOTEL AND DEVELOPMENT COMPANY v. RICHARD R. SOOY.

Argued February 18, 1910—Decided June 13, 1910.

Assuming that the costs to which a defendant is entitled upon a discontinuance of an action by the plaintiff may in the discretion of the court include his witness fees at two trials, one of which resulted in a disagreement of the jury and the other in a verdict for defendant that was wiped out by a *venire de novo* awarded upon writ of error—*Held,* under the circumstances of the present case, the defendant was not entitled to have such expenses taxed against the plaintiff.

---

On application to retax costs.

Before Justices GARRISON, SWAYZE and PARKER.

For the motion, *George A. Bourgeois.*

*Contra, Bleakly & Stockwell* and *Gilbert Collins.*

The opinion of the court was delivered by

GARRISON, J. This is a motion by the defendant for the retaxation of the costs to which he is entitled under a rule obtained at chambers by the plaintiff discontinuing its action "upon payment of costs." The question is, What costs? The clerk, at the instance of the plaintiff, has taxed the defendant's costs at $16.11. These are what may be called costs

of pleading and procedure in this court, and this is the plaintiff's conception of the costs he is directed to pay by the rule he obtained. The defendant, on the other hand, contends that the costs should be retaxed so as to cover the costs and expenses incurred in two trials at the circuit, including witness fees amounting, it is said, to about one thousand dollars.

The first of these trials resulted in a disagreement of the jury and the second resulted in a verdict and a judgment for the defendant, which was reversed upon a writ of error brought by the plaintiff because the trial court had erroneously charged too favorably to the defendant. *Ocean City Hotel, &c., Co.* v. *Sooy,* 48 *Vroom* 527.

As this reversal resulted in a *venire de novo,* the plaintiff, who was plaintiff in error, recovered no costs either in the appellate court or in this court. *Lehigh Valley Railroad Co.* v. *McFarland,* 15 *Vroom* 674.

So that the situation when the plaintiff discontinued its action was in legal contemplation the same as if neither trial had ever taken place. This would not have been so if the defendant's verdict had been set aside upon a rule to show cause; for where a rule for a new trial is made absolute the party who obtained the verdict, if he also obtains a second verdict, is allowed the costs of both trials. *Den* v. *Morris,* 3 *Halst.* 213.

This practice, which was at an early period adopted by this court from the practice of the Common Pleas in England, is directly opposed to the practice of the King's Bench, in which the costs of the first trial were never allowed even though the same party should obtain the second verdict. *Mason* v. *Skurray, Doug.* 437; 2 *Tidd* 916.

This practice therefore forms an exception to the general rule stated by Chief Justice Hornblower in *VanWinkle* v. *Alling,* 2 *Harr.* 446: "It has more than once, recently, been decided," he said, "that the rules of practice of the Court of King's Bench recognized here at the time of our revolution are in force and regulate the practice of this court except so far as they have been superseded by acts of assembly;" and in *Florence* v. *Shumar,* 5 *Vroom* 455, Mr. Justice Depue said

that "the rules of practice of the Court of King's Bench which were in force at our revolution regulate the practice of this court except so far as altered by act of the legislature or superseded by the rules of this court or inconsistent with the nature of our judicial institutions."

Subject to these exceptions, it is common knowledge that where the ancient practice of the King's Bench and Common Pleas of England differed this court follows that of the King's Bench, which has in other respects been recognized by this court as its prototype. An interesting instance of such a difference in practice is illustrated in *Phillips* v. *MacKay,* 25 *Vroom* 319.

From the general rule stated it follows that the exception thereto made with respect to the costs on setting aside verdicts, is not a precedent for the establishment of a like exception with respect to costs upon a discontinuance, which is another and totally different matter of practice. No light therefore is thrown on the present application by our practice upon rules to show cause, for the simple reason that this is not that sort of a case. For the same reason the rule respecting costs upon error, stated in Lehigh Valley Railroad Co. *v.* McFarland, does not help us; all that that case directly decided was that an award of a *venire de novo* upon error did not carry costs of any sort. There being no statutory authority to which the right claimed by the defendant is referred by him, he must, and in fact he does, place his right upon the inveterate practice of this court to exercise its discretion as to costs upon practice motions such as the present. In support of this he cites the language of this court in *Reeve* v. *Eft,* 2 *Vroom* 139, viz.: "In this state it is also said that costs are allowed only by statute. Yet the practice of giving costs in many cases not expressly included in the statute has become inveterate. In the exercise of an equitable power courts habitually order costs to be paid on granting new trials, on motions to postpone and amend and other interlocutory proceedings."

There is no "successful party" here, hence the instructive note in 4 *A. & E. Ann. Cas.* 79.

In Den *v.* Morris, also, it will be noticed that Chief Justice Ewing concluded his opinion with the statement that "such order may always be made as in the opinion of the court circumstances may require."

The defendant therefore is in this position, viz., that he either has no right to his rule or else his rights are only such as in the opinion of this court the circumstances may require. Assuming as most favorable to the defendant that the latter is his position, what are the circumstances upon which the discretionary power of this court is invoked? There have been two trials and no subsisting verdict for either party. For the mistrial, neither party was to blame, but for the error that led to the wiping out of the verdict obtained at the second trial, the defendant was, in a legal sense, responsible since that result was due to a rule of law charged at his request. It is true that the expenses of the defendant's witnesses at both trials went for nothing, but so did those of the plaintiff upon whom in addition and without recourse fell the heavy cost of printing the case necessary to obtain a correction of the error into which the defendant had led the trial court.

Under these circumstances and in view of the analogous practice of the King's Bench, even if the defendant were to obtain a second verdict, which we are not to assume that it would if the judge instructed the jury as the Court of Errors and Appeals thought that he should, we think that there is no justice in saddling the defendant's witness fees at either trial upon the plaintiff as an incidence of the discontinuance of its action; and this also applies to other circuit costs. The defendant therefore takes nothing by his motion, but under the circumstances no costs will be allowed to the plaintiff.